UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN ABOULAFIA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> MORTGAGE ELECTRONIC REGISTRATION ) <br> SYSTEMS, INC., et al., ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:12-cv-00391-GMN-CWH <br><br> **ORDER** |

Before the Court is the Motion to Dismiss (ECF No. 10) filed by Defendants Mortgage Electronic Registration Systems, Inc., ReconTrust Company, Countrywide Bank, FSB, Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP, and The Bank of New York Mellon (collectively, "Defendants"). Plaintiff, who is representing himself *pro se*, has not filed a Response to the Motion to Dismiss. For the reasons that follow, the Motion to Dismiss will be GRANTED, and Plaintiff's Complaint will be dismissed.

**I.   BACKGROUND**

This lawsuit was originally filed on February 2, 2012, in the Eighth Judicial District Court, Clark County, Nevada, and removed to this Court on March 9, 2012. (Pet. for Removal, ECF No. 1.) Plaintiff's Complaint alleges a number of causes of action against Defendants related to the foreclosure proceedings that were initiated against Plaintiff's property. (Compl., ECF No. 1-1.)

On July 25, 2012, Defendants filed a Motion to Dismiss (ECF No. 10). Pursuant to District of Nevada Local Rules of Practice, Rule 7-2(b), Plaintiff had fourteen (14) days after service of the Motion to file a Response; therefore, Plaintiff had until August 11, 2012 to file a Response. Not only did Plaintiff fail to meet this deadline, Plaintiff has failed to file any

Response at all, or to enter any appearance before the Court.

II.     **DISCUSSION**

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).  As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002).  However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009).  Further, Plaintiff's failure to timely respond to Defendants' motion has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  Less drastic sanctions available to the Court include dismissal of Plaintiff's Complaint without prejudice.

The fifth factor also does not weigh in favor of Plaintiff because it is not clear that this case was likely to be decided on the merits.  Plaintiff appears to have failed to properly serve Defendants, and has failed to take any action after the action was removed to this Court. Accordingly, the Court concludes that consideration of the five factors discussed above weighs

in favor of dismissal.  The Court also finds that since Plaintiff appears to be an experienced litigant, particularly as relates to the instant cause of action[1], the Court need not give Plaintiff further leave to re-file this Complaint.

### CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 10) is **GRANTED**. Plaintiffs' Complaint is **DISMISSED with prejudice**.  The Clerk shall enter judgment accordingly, and close the case.

DATED this 15th day of August, 2012.

_____
Gloria M. Navarro
United States District Judge

---

[1] See Eighth Judicial District of Nevada cases A-11-641482-C; A-11-642262-C; A-11-643688-C; A-11-644796-C; A-11-645191; A-11-648208-C; A-11-650395-C; and A-11-643687-C.